**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DAVID MELKONIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROPIO LS, LLC,<br><br>Defendant. | Case No. 2:26-cv-02506-JAR-GEB<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT PROPIO LS, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

COMES NOW Defendant Propio LS, LLC ("Propio"), by and through its counsel of record, and submits its Answer to Plaintiff David Melkonian's ("Plaintiff") Class Action Complaint. Defendant denies each and every allegation, statement, matter and thing contained in the Complaint except as is hereinafter expressly admitted or alleged. The repetition of the Complaint's subheadings is done solely for organizational purposes and is not an admission as to their truth. To the extent the Complaint's footnotes, headings, unnumbered paragraphs, or Prayer for Relief contain factual allegations, Propio denies them.

## I. INTRODUCTION

1. Propio denies the allegations in Paragraph 1 of the Complaint.

2. Propio admits the allegations in Paragraph 2.

3. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 3 and therefore denies the allegations.

4. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 4 and therefore denies the allegations.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 5 of the Complaint.

6. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 6 and therefore denies the allegations.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 7 of the Complaint.

8. Propio denies the allegations in Paragraph 8 of the Complaint.

9. Propio denies the allegations in Paragraph 9 of the Complaint.

10. Propio denies that Plaintiff's Private Information is in the hands of data thieves or other unauthorized third parties because of any conduct by Propio. Propio lacks sufficient information or belief on which to admit or deny the remaining allegations in Paragraph 10 of the Complaint and therefore denies the allegations.

11. Propio admits that Plaintiff purports to seek relief on behalf of himself and a putative class, but denies that Plaintiff or any putative class member is entitled to any relief.

## II. PARTIES

12. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies them.

13. Propio admits that it is a limited liability company organized under the laws of Delaware with its principal place of business at 4950 College Boulevard, Overland Park, Kansas 66211, and that its registered agent is Capitol Corporate Services, Inc., located at 700 SW Jackson Street, Suite 100, Topeka, Kansas 66603.

## III. JURISDICTION AND VENUE

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Propio admits that Plaintiff purports to invoke this

Court's jurisdiction under 28 U.S.C. § 1332(d)(2), but denies that Plaintiff has standing and denies that this Court has subject-matter jurisdiction over Plaintiff's claims.

15. Paragraph 15 of the Complaint states a legal conclusion to which no response is required.

16. Paragraph 16 of the Complaint states a legal conclusion to which no response is required.

## IV. FACTUAL ALLEGATIONS

### *A. Propio's Business and Collection of Plaintiff's and Class Members' Private Information*

17. Propio denies the allegations in Paragraph 17.

18. Propio admits that its affiliate, United Language Group, LLC, collected and maintained certain personal information regarding its employees for employment-related purposes. Propio denies the remaining allegations in Paragraph 18.

19. Propio admits that United Language Group, LLC, maintained policies and practices concerning the confidentiality and security of its employees' personal information. Those policies and practices speak for themselves, and Propio denies Plaintiff's characterization of them. Propio denies the remaining allegations in Paragraph 19.

20. Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 20.

21. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 21 and therefore denies the allegations. Propio specifically denies that it failed to meet any obligation to Plaintiff.

### *B. The Data Breach and Defendant's Failure to Notify Plaintiff and Class Members*

22. Propio admits its affiliate, United Language Group, LLC, experienced a data security incident (the "Incident"). But to the extent Paragraph 22 is referring to a particular

statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

23. Propio admits that certain categories of personal information relating to certain former employees of United Language Group, LLC may have been affected by the Incident. Propio denies the remaining allegations of this paragraph, including any allegation that all categories of information identified therein were affected for all current or former employees.

24. Propio denies the allegations in Paragraph 24.

25. Propio denies the allegations in Paragraph 25.

26. Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 26.

27. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 27 and therefore denies the allegations.

28. Paragraph 28 states a legal conclusion to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 28.

### ***C. Propio Knew or Should Have Known of the Risk of a Cyber Attack Because Businesses in Possession of Private Information are Particularly Susceptible.***

29. Paragraph 29 states a legal conclusion to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 29.

30. Propio is without sufficient knowledge or information to form a belief as to the accuracy of the allegations in Paragraph 30. Further, Paragraph 30 states a legal conclusion to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 30.

31. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 31 of the Complaint and therefore denies the allegations. To the extent

Paragraph 31 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

32. Propio denies the allegations in Paragraph 32.

33. Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 33.

34. Paragraph 34 states a legal conclusion to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 34.

35. Paragraph 35 states a legal conclusion to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 35.

36. Paragraph 36 states a legal conclusion to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 36.

***D. <u>Propio Failed to Comply with FTC Guidelines</u>***

37. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 37 of the Complaint and therefore denies the allegations. To the extent Paragraph 37 is referring to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

38. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 38 of the Complaint and therefore denies the allegations. To the extent Paragraph 38 is referring to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

39. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 39 of the Complaint and therefore denies the allegations. To the extent Paragraph 39 is referring to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

40. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 40 of the Complaint and therefore denies the allegations. To the extent Paragraph 40 is referring to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

41. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 41 of the Complaint and therefore denies the allegations. To the extent Paragraph 41 is referring to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

42. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 42 of the Complaint and therefore denies the allegations. To the extent Paragraph 42 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

43. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 43 of the Complaint and therefore denies the allegations. To the extent Paragraph 43 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

44. Paragraph 44 states legal conclusions to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 44.

45. Paragraph 45 states legal conclusions to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 45.

### *E. Propio Failed to Comply with Industry Standards*

46. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 46 of the Complaint and therefore denies the allegations. To the extent

Paragraph 46 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

47. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 47 of the Complaint and therefore denies the allegations. To the extent Paragraph 47 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

48. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 48 of the Complaint and therefore denies the allegations. To the extent Paragraph 48 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

49. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 49 of the Complaint and therefore denies the allegations. To the extent Paragraph 49 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

50. Paragraph 50 states legal conclusions to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 50.

### *F. Propio Breached its Duty to Safeguard Plaintiff's and Class Members' Private Information*

51. Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 51.

52. Paragraph 52 states legal conclusions to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 52.

53. Paragraph 53 states legal conclusions to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 53.

54. Paragraph 54 states legal conclusions to which no response is required. To the extent a response is required, Propio denies the allegations in Paragraph 54.

55. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 55 and therefore denies the allegations.

### G. ***As a result of the Data Breach, Plaintiff's and Class Members Are at a Significantly Increased Risk of Fraud and Identity Theft.***

56. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 56 of the Complaint and therefore denies the allegations. To the extent Paragraph 56 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

57. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 57 and therefore denies the allegations.

58. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 58 and therefore denies the allegations.

59. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 59 and therefore denies the allegations.

60. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 60 and therefore denies the allegations.

61. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 61 and therefore denies the allegations.

62. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 62 and therefore denies the allegations.

63. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 63 and therefore denies the allegations.

64. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 64 of the Complaint and therefore denies the allegations. To the extent Paragraph 64 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

65. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 65 of the Complaint and therefore denies the allegations. To the extent Paragraph 65 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

66. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 66 of the Complaint and therefore denies the allegations. To the extent Paragraph 66 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

67. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 67 of the Complaint and therefore denies the allegations. To the extent Paragraph 67 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

68. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 68 of the Complaint and therefore denies the allegations. To the extent Paragraph 68 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

69. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 69 and therefore denies the allegations.

70. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 70 and therefore denies the allegations.

71. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 71 of the Complaint and therefore denies the allegations. To the extent Paragraph 71 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

72. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 72 and therefore denies the allegations.

73. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 73 and therefore denies the allegations.

74. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 74 and therefore denies the allegations.

75. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 75 of the Complaint and therefore denies the allegations. To the extent Paragraph 75 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

76. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 76 of the Complaint and therefore denies the allegations. To the extent Paragraph 76 refers to a particular statement or statements, Propio refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

77. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 77 and therefore denies the allegations.

78. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 78 and therefore denies the allegations.

### H. *Plaintiff's and Class Members' Experience and Resulting Damages*

*Plaintiff David Melkonian's Experience*

79. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 79 of the Complaint and therefore denies the allegations.

80. Propio denies the allegations in Paragraph 80.

81. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 81 of the Complaint and therefore denies the allegations.

82. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 82 of the Complaint and therefore denies the allegations.

83. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 83 of the Complaint and therefore denies the allegations.

84. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 84 of the Complaint and therefore denies the allegations.

85. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 85 of the Complaint and therefore denies the allegations.

86. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 86 of the Complaint and therefore denies the allegations.

87. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 87 of the Complaint and therefore denies the allegations.

88. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 88 of the Complaint and therefore denies the allegations.

89. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 89 of the Complaint and therefore denies the allegations.

90. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 90 of the Complaint and therefore denies the allegations.

91. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 91 of the Complaint and therefore denies the allegations.

92. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 92 of the Complaint and therefore denies the allegations.

93. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 93 of the Complaint and therefore denies the allegations.

94. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 94 of the Complaint and therefore denies the allegations.

95. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 95 of the Complaint and therefore denies the allegations.

96. Propio lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 96 of the Complaint and therefore denies the allegations.

## V. CLASS ACTION ALLEGATIONS

97. Propio admits Plaintiff seeks to bring this action individually and on behalf of all other persons similarly situated. Propio denies the remaining allegations in this paragraph.

98. Paragraph 98 states legal conclusions to which no response is required. To the extent any response is required, Propio admits that Plaintiff purports to bring this lawsuit as a class action on behalf of the class described in Paragraph 98 but denies that this action meets class certification requirements.

99. Paragraph 99 states legal conclusions to which no response is required. To the extent any response is required, Propio denies that this action meets class certification requirements.

100. Paragraph 100 states legal conclusions to which no response is required. To the extent any response is required, Propio denies that this action meets class certification requirements.

101. Paragraph 101 states legal conclusions to which no response is required. To the extent any response is required, Propio denies that this action meets class certification requirements.

102. Paragraph 102 states legal conclusions to which no response is required. To the extent any response is required, Propio denies that this action meets class certification requirements.

103. Paragraph 103 states legal conclusions to which no response is required. To the extent any response is required, Propio denies that this action meets class certification requirements.

104. Paragraph 104 states legal conclusions to which no response is required. To the extent any response is required, Propio denies that this action meets class certification requirements.

105. Paragraph 105 states legal conclusions to which no response is required. To the extent any response is required, Propio denies that this action meets class certification requirements.

106. Paragraph 106 states legal conclusions to which no response is required. To the extent any response is required, Propio denies that this action meets class certification requirements.

107. Paragraph 107 states legal conclusions to which no response is required. To the extent any response is required, Propio denies that this action meets class certification requirements.

108. Paragraph 108 states legal conclusions to which no response is required. To the extent any response is required, Propio denies that this action meets class certification requirements.

109. Paragraph 109 states legal conclusions to which no response is required. To the extent any response is required, Propio denies that this action meets class certification requirements.

## VI. CLAIMS FOR RELIEF

### COUNT I
### NEGLIGENCE
### (ON BEHALF OF PLAINTIFF AND THE NATIONWIDE CLASS)

110. Propio asserts the same denials set forth in the preceding sections.

111. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

112. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

113. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

114. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

115. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

116. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

117. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

118. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

119. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

120. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

121. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

122. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

123. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

124. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

125. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

126. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

127. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

128. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

129. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

**COUNT II**
**INVASION OF PRIVACY**
**(ON BEHALF OF PLAINTIFF AND THE NATIONWIDE CLASS)**

130. Propio asserts the same denials set forth in the preceding sections.

131. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

132. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

133. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

134. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

135. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

136. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

137. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

**COUNT III**
**BREACH OF IMPLIED CONTRACT**
**(ON BEHALF OF PLAINTIFF AND THE NATIONWIDE CLASS)**

138. Propio asserts the same denials set forth in the preceding sections.

139. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

140. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

141. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

142. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

143. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

144. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

145. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

146. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

147. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

148. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

149. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

150. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

**COUNT IV**
**UNJUST ENRICHMENT**
**(ON BEHALF OF PLAINTIFF AND THE NATIONWIDE CLASS)**

151. Propio asserts the same denials set forth in the preceding sections.

152. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

153. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

154. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

155. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

156. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

157. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

158. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

159. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

160. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

161. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

162. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

## COUNT V
## DECLARATORY JUDGMENT
## (ON BEHALF OF PLAINTIFF AND THE NATIONWIDE CLASS)

163. Propio asserts the same denials set forth in the preceding sections.

164. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

165. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

166. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

167. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

168. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

169. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

170. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

171. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

172. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Propio denies the allegations.

## VII. PRAYER FOR RELIEF

Propio denies that Plaintiff or the putative class is entitled to any of the relief requested in the Prayer for Relief or to any other relief.

## VIII. DEMAND FOR JURY TRIAL

Propio acknowledges Plaintiff's demand for a jury trial and demands a jury trial on all issues so triable.

## IX. DESIGNATION OF PLACE OF TRIAL

Pursuant to D. Kan. Rule 40.2(d), Propio requests that trial of this action be held in Kansas City, Kansas.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that it would not otherwise bear, and reserving the right to amend as investigation and discovery proceed, Defendant Propio LS, LLC ("Propio") asserts the following defenses. Propio pleads these defenses in the alternative where necessary. By referring to the "Incident," Propio does not admit that any unauthorized access to or acquisition of Plaintiff's information occurred.

**FIRST DEFENSE (Lack of Article III Standing and Subject-Matter Jurisdiction)**

Plaintiff lacks Article III standing, and the Court lacks subject-matter jurisdiction. Plaintiff does not allege that he received notice of the Incident and alleges only "upon information and belief" that his information was involved. To the extent Plaintiff's information was not affected by the Incident, he has suffered no injury traceable to Propio. Plaintiff also alleges no actual or specific instance of misuse of his information and relies on speculative future risk, anxiety, anticipated mitigation costs, and alleged diminution in value. He lacks standing to seek injunctive or declaratory relief because he alleges no real and immediate threat of future injury.

**SECOND DEFENSE (Failure to State a Claim)**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**THIRD DEFENSE (Lack of Causation; Third-Party Acts)**

Plaintiff's alleged injuries, if any, were not proximately caused by any act or omission of Propio. Any injury was caused by the independent, intentional, or criminal acts of third parties over whom Propio had no control, or by other events, including unrelated data security incidents, which constitute intervening and superseding causes.

**FOURTH DEFENSE (Comparative Fault; Fault of Nonparties)**

Any recovery must be barred or reduced to the extent permitted by applicable law in proportion to the fault of Plaintiff or any other person or entity, whether or not a party, including any third party responsible for the alleged unauthorized access, acquisition, use, or disclosure of information.

**FIFTH DEFENSE (No Duty; Reasonable Security)**

Propio owed no duty to Plaintiff as alleged. To the extent a duty existed, Propio denies that it breached that duty and asserts that the administrative, technical, and physical safeguards relevant

to Plaintiff's claims were reasonable under the circumstances and consistent with applicable law and recognized industry standards. Propio acted at all times in good faith.

**SIXTH DEFENSE (Statutory Compliance)**

To the extent Propio complied with applicable data-security, data-retention, and breach-notification requirements, that compliance bars or limits Plaintiff's claims and requested relief only as provided by the governing law and may be considered in determining duty, breach, causation, and available remedies.

**SEVENTH DEFENSE (Timely and Adequate Notice)**

To the extent any notification obligation applies, Propio provided timely and adequate notice in accordance with applicable law. Plaintiff may not recover under any breach-notification statute that does not provide him a private right of action or authorize the relief he seeks.

**EIGHTH DEFENSE (Economic Loss Doctrine)**

Plaintiff's negligence claim is barred or limited to the extent the governing law precludes recovery in tort for purely economic losses arising from duties imposed by an alleged contract and Plaintiff fails to allege an independent duty or legally cognizable injury.

**NINTH DEFENSE (Limitations on Recoverable Damages)**

Plaintiff's claimed damages are speculative, uncertain, or not legally recoverable to the extent they are not supported by a cognizable injury, were not proximately caused by Propio, or are unavailable under the governing law. Plaintiff has not pleaded any statute authorizing statutory damages. Recovery for time spent monitoring accounts, anxiety or emotional distress, and alleged diminution in the value of personal information is unavailable except to the extent recognized by the law governing the particular claim.

**TENTH DEFENSE (Failure to Mitigate)**

Plaintiff may not recover damages that he could have avoided through reasonable mitigation efforts after learning of the alleged Incident. Any reduction must be limited to losses proximately caused by a failure to take reasonable protective measures available under the circumstances.

**ELEVENTH DEFENSE (Setoff, Credit, and Double Recovery)**

Any recovery must be reduced by amounts or benefits for which setoff, credit, or satisfaction is permitted under applicable law, including any credit-monitoring, identity-protection, remediation, or other services made available to Plaintiff. To the extent such relief fully addresses any requested prospective remedy, that request is moot. Plaintiff may not obtain duplicative recovery for the same alleged injury.

**TWELFTH DEFENSE (Consent and Acknowledgment)**

Plaintiff's claims are barred or limited, in whole or in part, to the extent Plaintiff knowingly consented to, acknowledged, or accepted the collection, retention, use, or disclosure of his information pursuant to any agreement, privacy notice, policy, or acknowledgment applicable to him.

**THIRTEENTH DEFENSE (Adequate Remedy at Law)**

Plaintiff's claims for equitable relief, including unjust enrichment, restitution, disgorgement, constructive trust, and injunctive or declaratory relief, are barred because Plaintiff has an adequate remedy at law. Unjust enrichment is also unavailable to the extent an express or implied contract governs the same subject matter.

**FOURTEENTH DEFENSE (No Entitlement to Injunctive or Declaratory Relief)**

Plaintiff is not entitled to injunctive or declaratory relief because he cannot satisfy the requirements for such relief, and the Declaratory Judgment Act does not create an independent cause of action.

**FIFTEENTH DEFENSE (Class Certification Is Improper)**

Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23. Among other things, Plaintiff must establish that he is a member of the class he seeks to represent, that his claims are typical, and that he is an adequate representative. Individualized questions concerning exposure, injury, causation, damages, and governing law defeat predominance and manageability; the proposed nationwide class is overbroad to the extent it includes uninjured persons or requires application of materially differing state laws. Any class may include only members with Article III standing and must be defined and litigated consistently with Propio's due-process rights.

**SIXTEENTH DEFENSE (Choice of Law)**

Plaintiff's claims, and those of the putative class, are governed in whole or in part by the laws of jurisdictions other than the forum, and are barred or limited to the extent they fail under the applicable law.

**SEVENTEENTH DEFENSE (Related-Litigation Procedures)**

If related litigation arising from the alleged Incident is identified through service of process, investigation, or discovery, Propio may seek any stay, transfer, consolidation, coordination, or other procedural relief available under applicable law.

**EIGHTEENTH DEFENSE (Arbitration)**

To the extent investigation establishes that Plaintiff entered an enforceable arbitration agreement or class or collective action waiver covering the claims asserted in this action, those claims must be resolved in accordance with that agreement and applicable law.

**NINETEENTH DEFENSE (Contractual Limitations)**

To the extent investigation establishes that an enforceable agreement, policy, or acknowledgment governs Plaintiff's claims, those claims and remedies are barred or limited by any applicable contractual limitations period, limitation of liability, forum-selection provision, choice-of-law provision, or jury-trial waiver.

**TWENTIETH DEFENSE (Fees and Costs)**

Plaintiff is not entitled to attorneys' fees, costs, or expenses because no statute, contract, or other basis authorizes such an award.

**TWENTY-FIRST DEFENSE (Claim-Specific Deficiencies)**

Plaintiff's claims fail in whole or in part because: (a) the negligence claim does not identify a cognizable duty independent of the alleged implied contract and does not plead non-speculative injury or damages proximately caused by Propio; to the extent Plaintiff relies on the Federal Trade Commission Act or related FTC guidance to establish liability or negligence per se, the claim also fails because the FTC Act provides no private right of action, and neither the Act nor nonbinding FTC guidance supplies a statutory standard supporting negligence per se; (b) the invasion-of-privacy claim does not allege an intentional intrusion by Propio into Plaintiff's solitude or seclusion, or conduct by Propio that would be highly offensive to a reasonable person; (c) the implied-contract claim does not allege mutual assent to sufficiently definite contractual terms, consideration supporting the alleged data-security promises, or a breach causing legally recoverable damages; (d) the unjust-enrichment claim does not identify a benefit unjustly retained by Propio at Plaintiff's expense and is unavailable to the extent the same subject matter is governed by an express or implied contract; and (e) the declaratory-judgment claim is duplicative of Plaintiff's substantive claims and does not identify an independent, present controversy warranting declaratory relief.

**TWENTY-SECOND DEFENSE (Waiver, Estoppel, Unclean Hands, and Other Equitable Doctrines)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and other equitable principles. Among other things, Plaintiff may not recover for any alleged injury arising from information that was already publicly available or that Plaintiff voluntarily disclosed to third parties.

**TWENTY-THIRD DEFENSE (Defenses Applicable to Putative Class Members)**

To the extent a class is certified, Propio reserves all defenses applicable to any absent putative class member, including, without limitation, lack of standing, lack of personal or subject matter jurisdiction, statute of limitations, arbitration, impossibility, contributory or comparative negligence, waiver, estoppel, unclean hands, in pari delicto, good faith, and any other applicable legal or equitable defense.

**TWENTY-FOURTH DEFENSE (Unjust Enrichment)**

Plaintiff's claims are barred or subject to offset, reduction, or limitation, in whole or in part, because any recovery exceeding Plaintiff's actual, legally cognizable injury would constitute an unjust enrichment and impermissible windfall.

**TWENTY-FIFTH DEFENSE (Amendment Under Rule 15)**

Propio may seek leave to amend its Answer under Federal Rule of Civil Procedure 15 if investigation or discovery reveals a factual and legal basis for additional defenses.

Dated: October 14, 2026

Respectfully submitted,

By: */s/ Leah C. Stein*
Leah C. Stein, KS Bar # 79353
Jenn Hatcher MO Bar # 69742
(*pro hac vice* forthcoming)
SHOOK, HARDY & BACON L.L.P.

2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816.474.6500
Fax: 816.421.5547
lstein@shb.com
jhatcher@shb.com

Lindsey Knapton CO Bar # 52531
(*pro hac vice* forthcoming)
1899 Wynkoop Street, Suite 375
Denver, CO 80202
Telephone: 303.285.5300
Fax: 303.285.5301
lknapton@shb.com

***Attorneys for Defendant***
***Propio LS, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, the above and foregoing document was filed electronically through the Court's electronic filing system with notification to all counsel of record.

*/s/ Leah C. Stein*
Leah C. Stein